[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Commissioner of Motor Vehicles ("Commissioner") suspending the plaintiff's motor vehicle license for a period of ninety days in accordance with General Statutes section 14-227b.
On May 15, 1991 the plaintiff was arrested for driving a motor vehicle while under the influence of liquor. He submitted to a blood alcohol test in accordance with General Statutes section 14-227b(b) and was informed that the results of the test indicated that at the time of the alleged offense the ratio of alcohol in his blood was ten-hundredths of one per cent or more of alcohol, by weight. A hearing was held on June 10, 1991 before a hearing officer. After the hearing, the plaintiff was advised that his license was to be suspended for a period of ninety days. In accordance with General Statutes section 14-227b(b), the hearing officer made the following findings of fact and conclusions of law:
1. The police officer had probable cause to arrest the plaintiff.
2. The plaintiff was placed under arrest.
3. The plaintiff submitted to a blood alcohol test and the results indicated at the time of the offense a blood alcohol content of .10 or more.
4. The plaintiff was operating the motor vehicle. CT Page 9139
The plaintiff appeals the ruling of the hearing officer and raises two issues.
First, he claims that the hearing officer allowed the police officer's written report (A-44) into evidence over objection by the plaintiff. On the A-44 there is a box to be checked by the arresting officer which states "Analytical Device was certified, Analytical Device was operated by a certified operator and checked for accuracy in accordance with State Regulations." Plaintiff argues that because the box was not checked, the form should not have been allowed into evidence as a self-authenticating document. The court believes that the plaintiff could have summoned the police officer to the hearing if he had any questions about the certification of the analytical device or the certification of the operator. (Section 14-227b-18
of the Regulations of State Agencies.)
Second, the plaintiff claims that the results of the blood alcohol test should not have been introduced into evidence because the tests were taken at 2:09 a.m. and 2:59 a.m., whereas the alleged offense occurred at 1:15 a.m. He argues that expert testimony was necessary to relate the results of the tests back to the time of the alleged offense in order to establish that he was under the influence of liquor when he was driving. He cites State v. Geisler, 22 Conn. App. 142. That case provides in pertinent part as follows:
 "There are two parts of the statutory scheme that appear to address this issue of whether expert extrapolation evidence is necessary. General Statutes section 14-227a(c) sets out six preconditions for admissibility of the chemical test. Subdivision (5) requires, with certain exceptions not relevant here, that an additional chemical test of the same type [be] performed at least thirty minutes after the initial test was performed, and subdivision (6) provides that evidence is presented which demonstrates that the test results and the analysis thereof accurately reflect the blood alcohol at the time of the alleged offense. (Emphasis added).
 "The requirement for the second test, and the insertion into the sixth condition of admissibility of the phrase `and the analysis thereof' were the result of an amendment to the per se drunk driving bill on the floor of the House, prior to its ultimate CT Page 9140 passage, presented by Representative Richard Blumenthal. The legislative debate on the second test requirement and on the `analysis thereof' language has convinced this court that the legislature, in enacting the per se legislation, contemplated that there would be expert testimony specifically relating the BAC at the time of operation of the motor vehicle."
In light of the holding in Geisler, the court holds that the state failed to meet its burden of proof that "at the time of the offense" the plaintiff's blood alcohol content was .10 or more. The court realizes that the Geisler case involved a criminal prosecution and concerned General Statutes section14-227a, whereas this case involves an administrative license suspension and concerns General Statutes section 14-227b. Nevertheless, both Statutes 14-227a and 14-227b require that the "results of such (blood, breath or urine) test or analysis" indicates that at the time of the alleged offense the blood alcohol content was .10% or more.
Accordingly, the plaintiff's appeal is sustained.
FRANCES ALLEN SENIOR JUDGE